IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYMOND SCOTT,

    Petitioner,

v.                                            CASE NO. 4:10-cv-00228-MP-AK

DAVID HARVEY,
WAKULLA COUNTY SHERIFF, et al,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which Petitioner challenges his detention pending removal to the Bahamas pursuant to an order of an immigration judge. Because Petitioner is proceeding under § 2241, the only proper named respondent is his current custodian, the Sheriff of Wakulla County. *See* 28 U.S.C. § 2243. Accordingly, the **Clerk** is directed to amend the docket to reflect the correct respondent. Further, Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper. Petitioner must correct this deficiency within 30 days. Due to the nature of Petitioner's claims, the Court will not defer service of the Petition pending receipt of the fee or Petitioner's IFP motion. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Petitioner shall pay the filing fee or file a motion for leave to proceed as a pauper **on or before July 30, 2010.**

2. The Clerk is directed to send a copy of the Petition (Doc. 1) and this Order by certified mail to the Respondent: **Sheriff David Harvey**, at Wakulla County Sheriff's Office, 15 Oak Street, Crawfordville, FL 32327, and the **United States Attorney** for the Northern District of Florida, Tallahassee (Attn: Civil Process Clerk). Additionally, the

Clerk shall send a copy of the Petition and this Order by certified mail to the **Attorney General** of the United States in Washington, D.C. All costs of service shall be advanced by the United States.

3. Respondents shall have **until August 30, 2010,** to respond and show cause why the Petition should not be granted.

4. Petitioner shall have **until September 20, 2010,** to file his reply to Respondent's response.

5. Upon receipt and review of the Respondent's response, the administrative record, and Petitioner's reply, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8, Habeas Rules. If the Court determines that an evidentiary hearing is not warranted under Rule 8 and the record is sufficient to resolve the petition, then the Court may dispose of the Petition on the basis of the record presented without further notice to the Petitioner. *See id*.

**DONE AND ORDERED** this  9th  day of July, 2010

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge