IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYMOND SCOTT,

    Petitioner,

v.                                      CASE NO. 4:10-cv-00228-MP-GRJ

DAVID HARVEY, et al,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. The petition challenges Petitioner's continued detention in the Wakulla County Jail pending removal to the Bahamas pursuant to an order of an immigration judge. Petitioner does not challenge the validity of the removal order. *Id*. at 2. The Court directed service of the petition on Petitioner's custodian and on the United States Attorney General. Now pending before the Court is Doc. 11, Respondent's motion to dismiss the petition as moot because Petitioner was removed from the United States to the Bahamas on July 28, 2010. As support for the motion, Respondent has submitted a copy of Petitioner's executed Warrant of Removal/Deportation. Doc. 11, Exh. 1.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'. . . . In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a

doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.' . . . 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* (citations omitted).

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. The alien was removed from the United States while the appeal was pending. In light of his removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien – release from detention pending removal, in addition to other relief – could not be effected by any order from the Court since the alien was no longer being detained. *Id.* at 1243. The Court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained . . . under the same circumstances[.]" *Id.*

In light of this authority, the Court concludes that the instant habeas corpus petition is moot. Since Petitioner has been removed from the United States to the Bahamas, no order from this Court directing his release from detention pending final removal could have any effect. *See id*. Accordingly, it is respectfully **RECOMMENDED**

that Defendant's motion to dismiss the petition as moot, Doc. 11, be **GRANTED**.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of September, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**